Tommy **BAKER**, a Minor, by and through Noah Baker, his Father and Next Friend, Appellant.

v.

**CITY OF FESTUS**, a Municipal Corporation, Respondent.

No. 52241.

Supreme Court of Missouri, Division No. 2.

Oct. 9, 1967.

Pannell & Dodson, William L. Pannell, Festus, for appellant, Tommy Baker.

Robertson, DeVoto & Wieland, Leo C. DeVoto, Jr., St. Louis, for defendant-respondent.

FINCH, Presiding Judge.

This is an action by a minor child for $25,000 for wrongful death of his mother. At the close of plaintiff's evidence, the trial court sustained a motion for a directed verdict and entered judgment for defendant. Appeal to this court followed.

Plaintiff's allegation of negligence against the City is that on November 4, 1962, his mother, Ruth Baker, "was caused to fall from the bridge and sidewalk thereon along Henry Street where it crosses a ditch near Main Street in said City of Festus due to the negligence of said City in allowing said bridge and sidewalk thereon to become and remain in a dangerous and defective condition, and that as a direct and proximate result of said fall said Ruth Baker, mother of plaintiff herein, was caused to be killed."

Our recital of facts comes entirely from plaintiff's evidence since defendant offered no testimony.

Mrs. Baker left her home at 11:00 a. m. on November 4, 1962, to go to the house of a son, Dale Baker. She was carrying a sack which contained a pie and some tomatoes.

At about 11:45 a. m., two girls came to Dale's home and reported that they thought there was a body in a creek which ran 175 to 200 feet from Dale's house. Mr. Baker was at Dale's house at the time, and he and Dale ran to the creek where they found Mrs. Baker lying face down in the shallow water in the creek. At that point, the creek runs east and west, and Mrs. Baker's body was parallel with the way the creek ran, her head being to the west and her feet to the east.

Henry Street crosses the creek on a concrete bridge or viaduct. Adjacent to the roadway on the east side of the bridge is a sidewalk, and next to the sidewalk is a concrete banister which is about hip high. Photographs show that the concrete banister extended over the creek but that on the north end of the bridge there was an open space six to seven feet wide between the end of the concrete banister and a fence which then ran northwardly adjacent to the sidewalk. At that opening there was a drop of approximately four feet from the sidewalk to the ground immediately below. This open space between the end of the banister and the start of a fence was not over the water where Mrs. Baker was found. It was some ten to twelve feet between the south side of the opening in question and the place where Mrs. Baker was found. At that point the distance from the floor of the bridge to the water in the creek below was approximately seven feet. It is plaintiff's contention that the City was negligent in leaving this opening at the end of the banister and that Mrs. Baker fell through that opening and then rolled down into the creek some ten to twelve feet away.

■ We have concluded that there was not sufficient evidence from which the jury, without resorting to guesswork, conjecture and speculation, could find that Mrs. Baker's death was proximately caused by negligence of defendant City, assuming, for this purpose, that the City was negligent. Consequently, we limit our consideration to the question of proximate cause.

No one saw Mrs. Baker from the time she left home until her body was found in the creek. No one saw her fall. There was no evidence of any marks on the bridge or

sidewalk to show where she fell. Mr. Baker, husband of the deceased, testified that he observed a mark on the ground about four feet out from the edge of the opening at the end of the banister, but there was no evidence as to its size, shape or depth, and no evidence as to whether it was old or new. Dale Baker did not notice this mark at all and did not notice any marks of any kind on the north bank of the creek. There was no testimony of any other marks or any physical evidence that the body of Mrs. Baker rolled a distance of ten or twelve feet from a point opposite the opening in the banister to the point where the body was found. A photograph, Exhibit 6, introduced by plaintiff, shows that the bank of the creek and the ground below the opening had tall grass and weeds growing thereon, but does not exhibit any evidence that these were mashed down or broken by Mrs. Baker's body rolling from opposite the opening to a point in the creek. There simply was no evidence from which it could be said that the mark mentioned by Mr. Baker had any connection with a fall by the deceased.

The same photograph, Exhibit 6, shows a paper sack floating in the water immediately below the concrete banister. It was identified by Mr. Baker as the sack containing the pie and tomatoes with which Mrs. Baker left home that morning. If Mrs. Baker had fallen through the opening ten to twelve feet from the creek, it is unlikely that the paper sack, still apparently intact, would have ended up floating in the water of the creek beneath the banister. On the other hand, if Mrs. Baker fell over the banister into the creek below, it would logically be expected that the sack would have landed in the vicinity where it was found. That banister was not so high that we necessarily must conclude that the deceased could not have fallen over it, perhaps during an epileptic seizure, and landed directly in the creek below. The evidence did show that Mrs. Baker was subject to frequent epileptic seizures.

In determining whether a submissible case is made, we must consider the evidence in the light most favorable to plaintiff and must give the benefit of all favorable inferences that reasonably may be drawn from such evidence, but liability cannot rest upon guesswork, conjecture or speculation beyond inferences reasonably to be drawn from the evidence. Probst v. Seyer, Mo., 353 S.W.2d 798, 91 A.L.R.2d 1252.

Under the facts in this case, we hold that there was not substantial evidence to establish liability without resorting to guesswork, conjecture or speculation. The evidence simply established that deceased was found in the creek, that there was an opening at the end of the banister ten to twelve feet away, and that there was some kind of an unidentified mark on the ground beneath the opening. There was nothing more. Plaintiff also mentions the fact that the evidence disclosed that Mrs. Baker died of a fracture of the cervical spine rather than by drowning, but that merely indicates that she fell and landed on her head, fracturing her spine, and not where she fell. This could have happened if she fell directly into the creek just as well as if she had fallen through the opening in the banister.

The judgment is affirmed.

All of the Judges concur.